IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDDIE HILL,**

    **Plaintiff,**

v.                                                                   **No. CIV-05-0031 RB/LAM**

**ALBUQUERQUE POLICE DEPARTMENT,**
**D. PACHECO, M. J. HUGHES,**
**LONGOBARDI, BADWAY,**
**JAMES BENAVIDES,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants violated Plaintiff's constitutional protections by targeting African Americans in lower income housing facilities for seizure and arrest. Plaintiff seeks declaratory relief and damages.

This is the second complaint Plaintiff has filed against these Defendants. His claims arise out of a seizure and arrest in 2002. He filed his prior complaint in state court, and the Defendants removed the action to this Court. Defendants Pacheco, Hughes, Longobardi, and Badway moved for, and were granted, judgment on the pleadings. Plaintiff's claims against Defendant Benavides were dismissed without prejudice for Plaintiff's failure to serve him with process.

Plaintiff's claims against Defendants Pacheco, Hughes, Longobardi, and Badway will be dismissed under the doctrine of res judicata.

> Res judicata requires that a plaintiff present all claims arising out of a transaction in a single suit. The doctrine applies to preclude a subsequent suit when the following requirements are met:
>
> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.
>
> The doctrine precludes not only the relitigation of claims that were actually raised in a prior action, but also all claims arising out of the transaction which could and should have been raised in that action. A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy.

*Overton v. United States*, No. 01-6357, 2002 WL 31230837, at \*\*5 (10th Cir. Oct. 4, 2002) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168-70 (10th Cir. 2000)). Because Plaintiff previously filed a complaint against these Defendants, he could have asserted the instant claims in his first complaint. Plaintiff's claims against these Defendants are thus barred and will be dismissed.

Plaintiff's allegations against Defendant Benavides do not support a claim for relief under 42 U.S.C. § 1983. According to the prior complaint, Defendant Benavides was the owner of a car that was carjacked. He identified Plaintiff as the perpetrator. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). A private defendant's conduct does not fall within the meaning of § 1983 except in certain limited circumstances. *See Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1446-47 (10th Cir. 1995) (describing four judicially devised tests to determine whether a private party has acted under color of law). Plaintiff's claims against Defendant Benavides will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the initial partial payment toward the statutory filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**; all pending motions are **DENIED as moot**; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

*[signature]*

_____
**UNITED STATES DISTRICT JUDGE**